```
                                          FILED
                               U.S. DISTRICT COURT
                            EASTERN DISTRICT OF LA

                               2006 DEC -8 AM 11: 32

                               LORETTA G. WHYTE
                                      CLERK
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WILFRED RACCA & PAMELA RACCA                CIVIL ACTION


VERSUS                                      NO.  06-6645

LOUISIANA FARM BUREAU MUTUAL                SECTION "R"(5)
INSURANCE CO., ET AL.


This Document applies to the following civil actions in the
Eastern District of Louisiana: 06-6645 & 06-6646.


### ORDER AND REASONS

Before the Court are motions to remand the above-listed
cases, which were transferred to this section because plaintiffs
claim damages pursuant to Louisiana's Valued Policy Law, La. Rev.
Stat. § 22:695.  Because these motions concern similar parties
and questions of law, the Court has consolidated its ruling in
these matters for the sake of efficiency.  For the following
reasons, the Court GRANTS the motions to remand.

```
         ___ Fee_____
         ___ Process_____
          X  Dktd_____
         ___ CtRmDep_____
         ___ Doc. No_____
```

I.    **BACKGROUND**

On August 29, 2006, plaintiffs Wilfred and Pamela Racca sued their insurer Louisiana Farm Bureau Insurance Co. in two separate suits in Louisiana state court for damage they allegedly sustained to three properties during Hurricane Katrina.  The Raccas allege, *inter alia*, that Louisiana Farm Bureau failed under various Louisiana insurance statutes to pay a claim for a covered loss under the policies in place.  The Raccas rely, at least in part, on Louisiana's Valued Policy Law, La. Rev. Stat. § 22:695.

Louisiana Farm Bureau removed these case to this Court, asserting two bases for federal subject-matter jurisdiction. First, Louisiana Farm Bureau asserts that removal is proper under 28 U.S.C. § 1441(e)(1)(B) because Louisiana Farm Bureau is a party to a case that could have been brought directly under the Multiparty, Multiforum Trial and Jurisdiction Act of 2002 (the MMTJA), 28 U.S.C. § 1369(a), and because the injuries in that case arose out of the same "accident" as the injuries in the present case.  The case to which Louisiana Farm Bureau refers is *Abadie v. Aegis Security Ins. Co.*, No. 06-5164 (E.D. La. filed Aug. 28, 2006).  Second, Louisiana Farm Bureau argues that the plaintiffs establish a federal cause of action in their petitions by seeking "penalties and attorney fees under the applicable

2

provisions of State and federal law." *See* State Ct. Pets. ¶¶ IX, XI.

## II.   LEGAL STANDARD – REMOVAL

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL 419901, at *2 (E.D. La. 1995).  The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).

3

## III.   DISCUSSION

### A.   The MMTJA

Defendant is careful to point out that it asserts jurisdiction in this case not on the basis of Section 1369 but on the basis of Section 1441(e)(1)(B).  Because the ultimate issue hinges on the Court's interpretation of the word "accident," the Court will discuss Section 1369 along with Section 1441.

Section 1369(a) states:

> The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if-
> (1) a defendant resides in a State and a substantial part of the accident took place in another State or other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;
> (2) any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or
> (3) substantial parts of the accident took place in different States.

28 U.S.C. § 1369(a).  The MMTJA defines the term "accident" as "a sudden accident, or a natural event culminating in an accident, that results in death at a discrete location by at least 75 natural persons."  28 U.S.C. § 1369(c)(4).  Section 1441(e)(1) permits a state court defendant to remove an action to federal court if:

4

(A) the action could have been brought in a United
States district court under section 1369 of this
title; or
(B) the defendant is a party to an action which is or
could have been brought, in whole or in part, under
section 1369 in a United States district court and
arises from the same accident as the action in State
court, even if the action to be removed could not
have been brought in a district court as an original
matter.

28 U.S.C. § 1441(e)(1)(A),(B).  Thus, Section 1441(e)(1)(B)

provides for removal in situations in which original federal

subject matter jurisdiction does not exist.  *Wallace v. Louisiana*

*Citizens Property Ins. Corp.*, 444 F.3d 697,702 (5th Cir. 2006).

"When the requirements of § 1441(e)(1)(B) are met, defendants

need not establish the existence of independent subject matter

jurisdiction under any other provision, including under §

1369(a), because supplemental jurisdiction has been established."

*Id.*  Because the ultimate goal of the MMTJA was consolidation,

the MMTJA is designed to ameliorate the restrictions on the

exercise of federal jurisdiction that ultimately forced parties

in multiple suits arising from the same disaster to litigate in

several fora.  *Id.*

Neither prong of Section 1441(e)(1) is satisfied here.

First, Hurricane Katrina was not a "sudden accident" under the

MMTJA.[1]  "Accident" is generally defined as "an unintended and unforeseen injurious occurrence; something that does not occur in the usual course of events or that could not be reasonably anticipated."  BLACK'S LAW DICTIONARY 15 (8th ed. 2004).  As the plaintiffs point out, Katrina formed on August 23, 2005 and did not dissipate until August 31, 2005.[2]  The multi-day development of the storm and ubiquitous warnings of its approach in the days before its landfall contrast sharply with the types of mass accidents contemplated by Congress when it enacted the MMTJA, namely plane crashes, train wrecks, hotel fires, and environmental spills.  *See* 147 CONG. REC. H893-01 (2001); 137 CONG. REC. E1923-02 (1991).  The only reported case that interpreted the MMTJA arose from a 2003 fire at a Rhode Island nightclub in which more than 100 patrons died, an incident that the district court, after an in-depth analysis of the MMTJA's legislative

---

[1] Although the language of § 1441(e)(1)(B) refers only to an "accident," the same section requires the removed case to "arise[] from the same accident" as the case that could have been brought under § 1369.  28 U.S.C. § 1441(e)(1)(B).  Since the language of § 1369(a) requires that the claims "arise[] from a single accident," the accident referenced in § 1441(e)(1)(B) must also be a "sudden accident" under § 1369.  28 U.S.C. § 1369(a) & (c)(4).

[2] *See 2005 Louisiana Hurricane Impact Atlas*, updated May 2006 by Joshua D. Kent, Data Manager, Louisiana Geographic Information Center, available at http://lagic.lsu.edu (last visited 10/4/06).

history, found qualified as a "sudden accident."  *Passa v. Derderian*, 308 F.Supp.2d 43, 52-55 (D.R.I. 2004).  Furthermore, a natural event cannot constitute a "sudden accident" because the MMTJA's definition goes on to define "accident" as also "a natural event culminating in an accident."  28 U.S.C. § 1369(c)(4).  Clearly a hurricane is a natural event.

Second, what damaged the plaintiffs' residences in these cases was not "a natural event culminating in an accident" under the MMTJA.  Although Katrina was certainly a natural event, it did not lead to any accident that caused the damage alleged by the plaintiffs here.  In their state court petitions, plaintiffs specifically aver that wind, rain, and tornadoes from Hurricane Katrina caused the destruction of their property.  *See* State Ct. Pets. ¶ VI.  Plaintiffs do not allege that any of their damages resulted from flooding caused by breached levees, which Louisiana Farm Bureau argues was the accident that arose from Hurricane Katrina and damaged plaintiffs' properties.

Louisiana Farm Bureau argues that the "accident" was in fact the levee breaks occurring in and around New Orleans in the aftermath of Hurricane Katrina.  The Court allows that, in some circumstances, courts might classify a single levee breach as an "accident" for purposes of establishing jurisdiction under Section 1369.  *See Flint v. Louisiana Farm Bureau Mutual Ins.*

7

*Co.*, 2006 WL 2375593, *3 (E.D. La. 2006).  The key point, however, is that the "accident" for purposes of Section 1369 jurisdiction in the related case has to be the same "accident" that caused the injuries in the removed case.  This follows because Section 1369(a) contemplates a "single accident," and Section 1441(e)(1)(B) refers to "the same accident."  Thus, the question is whether the damage to the Raccas' properties resulted from the same "accident" as the one at issue in the *Abadie* case, and whether the *Abadie* case satisfied Section 1369 (*i.e.*, the single accident caused 75 deaths at a discrete location).

As noted earlier, there is no evidence that plaintiffs' claims arise from a levee breach.  Even assuming *arguendo* that the claims did arise from a levee breach, Louisiana Farm Bureau does not identify a specific levee breach that was involved in *Abadie*, that caused the deaths of at least 75 people at a discrete location, and that caused the Raccas' damage.  To the extent that the defendant is arguing that all of the levee breaks involved in *Abadie* are the same accident as contemplated by Section 1369 and Section 1441, permitting the aggregation of all Katrina-related deaths, the defendant has made no showing that would justify classifying individual levee breaches and the deaths resulting therefrom, collectively, as a single accident. Further, defendant has not identified a single levee break

8

resulting in 75 deaths at a discrete location which is the same accident giving rise to the plaintiffs' claims in this case.

Removal of these cases was improper under 28 U.S.C. § 1441(e)(1)(b).  Louisiana Farm Bureau's argument fails because it has made no showing that the state court cases it removed arose from an accident, which is a necessary condition for Section 1441(e)(1)(b) removal.  Furthermore, Louisiana Farm Bureau has made no showing that any accident that may have caused the damage to the Raccas' property was the same accident as one involved in a case over which there is jurisdiction under Section 1369(a). For all of the foregoing reasons, the MMTJA does not provide for removal of these actions to federal court.


**B.  Federal Question Jurisdiction**

Louisiana Farm Bureau also contends that the plaintiffs' reference to penalties and attorney fees under state and federal law in their petitions establishes federal question jurisdiction. Louisiana Farm Bureau does not point to any specific federal cause of action stated in the petitions, but relies solely on the words "federal law" to support removal jurisdiction.  It is well-established in the Fifth Circuit that the mere mention of federal law does not establish a federal cause of action for purposes of removal jurisdiction under 28 U.S.C. § 1441.  *Avitts v. Amoco*

*Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995).  While there
are exceptions to the *Avitts* rule, defendant does not even argue
that any of these exceptions applies.  This is clearly a
situation of the sort contemplated by the Court of Appeals in
*Avitts*.  Accordingly, the Court finds that no removal
jurisdiction exists in this case on the basis of a federal
question.


**IV.  Attorney's Fees and Costs**

Finally, the Raccas also move for an award of attorney's
fees and costs for defendants' improper removal.  The decision
whether to award attorney's fees and/or costs is discretionary.
*See Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993).  "Absent
unusual circumstances, courts may award attorney's fees under §
1447(c) only where the removing party lacked an objectively
reasonable basis for seeking removal.  Conversely, when an
objectively reasonable basis exists, fees should be denied."
*Martin v. Franklin Capital Corp.*, 546 U.S. 132, (page number
unavailable), 126 S.Ct. 704, 711 (2005) (citing *Hornbuckle*, 385
F.3d at 541; *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293
(5th Cir. 2000)).  Because the Court does not find the removal in
this case objectively unreasonable, the Court exercises its

discretion not to grant plaintiff's request for attorney's fees and costs.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiffs' motions to remand in the above-listed cases.

New Orleans, Louisiana, this 8th day of December, 2006.

*Sarah Vance*

SARAH S. VANCE
UNITED STATES DISTRICT COURT